UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SERVICE EMPLOYEES                )
INTERNATION UNION NATIONAL       )
INDUSTRY PENSION FUND;            )
and BOARD OF TRUSTEES OF THE     )
SERVICE EMPLOYEES                )
INTERNATIONAL UNION              )
NATIONAL INDUSTRY PENSION        )
FUND;                            )
1313 L Street, N.W.,             )
Washington, D.C. 20005,          )
                                 )
        Plaintiffs,       )
                                 )
v.                               )
                                 )
INDEPENDENT BUILDING             )
MAINTENANCE CO.                  )
8156 N Lawndale                  )
Skokie, IL  60076                )
                                 )
        Defendant.        )

**COMPLAINT**

Plaintiffs Service Employees International Union National Industry Pension Fund and the Board of Trustees of the Service Employees International Union National Industry Pension Fund, by counsel, hereby complain against Defendant, Independent Building Maintenance Co., Inc. and in support thereof state as follows:

Introduction

1. This is an action to collect delinquent contributions owed by Defendant Independent Building Maintenance Co., Inc. ("Independent Building Maintenance Co." or "Defendant") to Plaintiff Service Employees International Union National Industry

Pension Fund ("Pension Fund"). This action is brought by the Pension Fund and Plaintiff Board of Trustees of the Pension Fund ("Trustees") pursuant to the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001, *et seq.*, as amended by the Multi-employer Pension Plan Amendments Act of 1980 ("ERISA"), and Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185 ("LMRA").

### Jurisdiction and Venue

2.  Jurisdiction and venue are based upon 28 U.S.C. §§ 1331, Section 502 of ERISA, 29 U.S.C. § 1132(a), (e) and (f), and Section 301 of the LMRA, 29 U.S.C. § 185.

3.  Venue is proper pursuant to ERISA, 29 U.S.C. § 1132(e)(2) because the Pension Fund is administered in this judicial district.

### Parties

4.  Plaintiff Pension Fund is a multi-employer benefit plan within the meaning of ERISA 29 U.S.C. §§ 1002(2) and (37), and is maintained for the purpose of providing retirement and related benefits to eligible participants and their beneficiaries. The Pension Fund is a multi-employer jointly administered labor-management pension fund established pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). The Pension Fund is also a multi-employer pension plan within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37).

5.  Plaintiff members of the Board of Trustees of the Pension Fund are fiduciaries within the meaning of ERISA, 29 U.S.C. § 1002(21).

6.  The Pension Fund is administered in the District of Columbia. Its principal offices are at 1343 L Street, N.W., Washington, D.C. 20005.

7.  Defendant Independent Building Maintenance Co. is an employer in an industry affecting commerce within the meaning of Section 3(5), 3(11) and 3(12) of ERISA, 29 U.S.C. §§ 1002(5), (11) and (12), and Section 2(2), (6) and (7) of the LMRA, 29 U.S.C. §152(2), (6) and (7).

8.  Upon information and belief, Defendant Independent Building Maintenance Co. is a corporation registered in the State of Illinois, and maintains offices at 8156 N Lawndale, Skokie, IL 60076.

## Statement of Claim

9.  At all relevant times relating to this complaint, Service Employees International Union Local 1 ("Local Union"), has been a collective bargaining agent for Defendant's employees.

10. At all relevant times relating to this complaint, Defendant has been a party to a collective bargaining agreement ("Agreement") with the Local Union covering Defendant's employees, within the meaning of ERISA, 29 U.S.C. § 1145. This Agreement is also a contract between an employer and labor organization within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185.

11. This Agreement requires that Defendant contribute to the Pension Fund at a specified rate for each compensable hour for all of its employees covered by the Agreement.

12. Pursuant to the Agreement, Defendant is bound to the terms of the Pension Fund's Agreement and Declaration of Trust ("Trust Agreement").

13.     At all relevant times relating to this complaint, Defendant was obligated to make contributions to the Pension Fund, pursuant to the Agreement, Trust Agreement, and the Pension Fund's Collection Policy.

14.     Pursuant to the Agreement, Defendant was obligated to submit complete remittance reports to the Pension Fund with its contributions, pursuant to the Trust Agreement and the Pension Fund's Collection Policy. The information contained in the remittance reports is necessary for the Pension Fund to properly credit each employee with the appropriate amount of pension credit and to verify that Defendant has remitted the appropriate amount of contributions.

15.     At all relevant times of this complaint, the Trust Agreement and the Pension Fund's Collection Policy have provided that an employer delinquent in its contributions to the Pension Fund is liable for interest at the rate of ten percent (10%), liquidated damages at the rate of five percent (5%) prior to the commencement of legal action and twenty percent (20%) thereafter, costs of an audit, and attorneys' fees and costs.

16.     Defendant has failed to timely remit the required contributions to the Pension Fund, in violation of the Agreement, Trust Agreement, Collection Policy, and ERISA, 29 U.S.C. § 1145. Specifically, Defendant has failed to remit contributions for January 2002 through December 2003.

17.     Because of Defendant's failure to timely remit the required contributions and remittance reports, it is liable to the Pension Fund for delinquent contributions in the amount of $6,639.49, interest of $1,593.99, liquidated damages of $336.38, and testing fees of $339.50.

18.    Pursuant to ERISA, 29 U.S.C. §§ 1132(g)(2) and 1145, Defendant is indebted to the Pension Fund for unpaid pension contributions, interest on the unpaid contributions, liquidated damages, attorneys' fees, the costs of this action, and such other legal or equitable relief as this Court deems appropriate.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court:

A.    Declare that Defendant is delinquent in its contributions to the Pension Fund pursuant to the Agreement;

B.    Enter judgment in the full amount of the delinquent contributions that Defendant owes to the Pension Fund, including additional amounts which may become delinquent during the pendency of this action or which become ascertainable based on the Pension Fund's review of Defendant's employment records, together with interest, liquidated damages, attorneys' fees and costs.

C.    Retain jurisdiction of this case pending compliance with its Orders, and

D.    Grant such other legal or equitable relief as the Court may deem just.

Respectfully submitted,

*[signature]*
Eunice H. Washington
DC Bar No. 438477
SEIU Benefit Funds Legal Department
1313 L Street, N.W.
Washington, DC 20005
(202) 626-1440

Attorney for Plaintiffs

Dated: 7/1/05